IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR 8-55 |
| v. | ) CV 14-97 |
| | |
| JEREMY NOYES | |

**OPINION AND ORDER**

**SYNOPSIS**

This matter arises out of Defendant's 2011 conviction on four Counts of transporting, receiving, and possessing child pornography, and transporting obscene material, in violation of 18 U.S.C. § 2252 and § 1462. The conviction followed a five-day trial, during which Defendant proceeded pro se with standby counsel.  On June 23, 2011, Defendant was sentenced to a term of imprisonment of 240 months and a life term of supervised release.  Defendant appealed, and the Court of Appeals affirmed Defendant's conviction and sentence by Opinion dated October 18, 2012.  United States v. Noyes, 501 Fed. App'x 168 (3d Cir. 2012).  On March 26, 2014, Defendant filed a pro se Motion to Vacate pursuant to 28 U.S.C. § 2255 ("Section 2255"). Defendant subsequently filed a number of Motions and amendments, including a request to stay the proceedings pending Defendant's appeals of this Court's decisions on several of those Motions.[1]   By Order dated December 5, 2019 ("December 5 Order"), the Court lifted the stay at Defendant's request, and ruled on four additional Motions filed by Defendant.  Defendant's Section 2255 Motion, as amended and supplemented to the extent permitted by this Court, is now ripe for review.

---

[1] Judge McLaughlin, and then Judge Cercone, presided over this matter until it was transferred to my docket on February 2, 2018. A more complete account of pertinent aspects of the docket can be found in this Court's Orders dated October 18, 2018 and December 5, 2019.

1

For the following reasons, the Motion will be denied, and no certificate of appealability shall issue.

## OPINION

I.  **APPLICABLE STANDARDS**

   a. **Section 2255**

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). The standard of proof in a Section 2255 proceeding is by a preponderance of the evidence. United States v. Ballard, No. 03-810, 2017 U.S. Dist. LEXIS 105766, at *10 n.5 (E.D. Pa. July 7, 2017). "A person seeking to vacate his conviction bears the burden of proof upon each ground presented for relief." United States v. Keyes, 1997 U.S. Dist. LEXIS 12109, at *2 (E. D. Pa. Aug. 11, 1997). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004).

Further, pro se pleadings are to be liberally construed. Estelle v. Gamble, 429 U.S. 97, 106, 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  I have considered Defendant's submissions accordingly. In particular, I have carefully and liberally reviewed all of his properly submitted and allowed amendments and supplements. In this case, a hearing is unnecessary, and the Motion will be disposed of on the record.

### b. Ineffective Assistance of Counsel

Ineffective assistance is assessed by reference to the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984): "(1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's error the result would have been different." Id. at 687-96.

To demonstrate that counsel was ineffective, a defendant must show that counsel's performance fell below "the wide range of professionally competent assistance" and that the deficient conduct prejudiced defendant. Strickland, 466 U.S. at 687. Counsel is not ineffective for failing to raise meritless issues. See Parrish v. Fulcomer, 150 F.3d 326, 328 (3d Cir. 1998). "It is… only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989).  A court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland, 466 U.S. at 689.

With regard to Strickland's prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Id. at 695; see also Gray, 878 F.2d at 709-13 (3d Cir. 1989). Speculation as to "whether a different . . . strategy might have been more successful" is not enough. Lockhart v. Fretwell, 506 U.S. 364, 113 S. Ct. 838, 843-44, 122 L. Ed. 2d 180 (1993). A reasonable probability is one that is "sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.  The prejudice inquiry of Strickland rests on "whether counsel's deficient performance renders the result of the .

. . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Id. at 844.

As regards appellate counsel, it is sufficient for her to have raised those claims which she reasonably believed had the best chance of succeeding, even if other possible claims existed. See Sistrunk v. Vaughn, 96 F. 3d 666, 670 (3d Cir. 1996). Thus, "appellate counsel cannot be deemed ineffective for failing to raise an issue that would not have resulted in the reversal of his client's conviction." Maqbool v. Lanigan, No. 14-4066, 2019 U.S. Dist. LEXIS 107023, at *147 (D.N.J. June 24, 2019). Counsel is required to exercise professional judgment with respect to an appeal. Vaughn, 96 F. 3d at 670.

## II. DEFENDANT'S CONTENTIONS

Defendant's initial Section 2255 Motion, filed on March 26, 2014, ranges widely over counsel's conduct prior to trial. For example, Defendant alleges that counsel was ineffective, incompetent and disloyal, failed to properly investigate various issues, and failed to competently explain the circumstances surrounding a plea bargain and to deal properly with the Government withholding evidence. Defendant further claims that he was subjected to torture in violation of due process, which effectively denied him effective assistance of counsel, and that counsel was ineffective with respect to seizure and forfeiture of property, which contained exculpatory materials. Defendant also challenges appellate counsel's failure to challenge the trial court's jury charge and sentencing enhancements. Finally, Defendant challenges counsel's effectiveness with respect to the warrant involved in his case, arguing that it was unsupported by probable cause.

Defendant's supporting brief expounds on and enlarges his allegations. He challenges counsel's conduct relating to the Government's failure to meet its obligations under Jencks, Bagley, Giglio, and Brady. The Government's misconduct, he argues, was such that no counsel

4

– competent or not – would have been able to render effective assistance. He further asserts that he was "compelled to proceed pro se based on counsel's blatant incompetence." He contends that he suffers from schizotypal personality disorder, which counsel and the Court failed to take into account. He also asserts that the evidence reveals that the Government knew or should have known that another person, and not Defendant, committed the crimes for which he was convicted. Counsel, says Defendant, failed to present valid suppression motions; failed to acknowledge his psychological disorder when explaining a plea offer; came to trial without notes; failed to properly investigate and summon the evidence, in a wide variety of instances; and intentionally delayed the trial. Defendant asserts that he lacked the capacity to represent himself, and "never understood the ramifications and consequences of his actions."

In supplementary or amending materials, Defendant repeats his assertion that he was forced to choose between disloyal, unprepared counsel and self-representation. He clarifies his claim that a competency determination was required. He also contends that the Sentencing Guidelines violate Separation of Powers, and that his U.S.S.G. § 2G2.2 enhancements were not submitted to a jury. Other amendments and supplements permitted over the course of this proceeding, as summarized in this Court's December 5 Order, include challenges to the Government's standing and other alleged instances of ineffective counsel at all levels of the proceeding. Those amendments and supplements, while not detailed here, have also been carefully considered.

### III. DISCUSSION

#### a. Ineffective Assistance of Counsel

From the outset, I note that several aspects of Defendant's challenges have been addressed by the Court of Appeals. On appeal, Defendant challenged the District Court's

5

approach to his self-representation. The Court of Appeals found that "there is nothing else in this record that would or should have caused the Court, or causes us, to doubt that Noyes was competent to waive his right to counsel." Noyes, 501 Fed. App'x at 171.  The situation remains unchanged.  Although Defendant now asserts that he suffers from schizotypal personality disorder, and has submitted a statement regarding his personal background, the information available to counsel and the Court at the pertinent times did not raise a suspicion that Defendant lacked the capacity to understand the nature of the proceeding against him, rationally or factually.  See, e.g., United States v. Kosow, No. 06-0228, 2007 U.S. Dist. LEXIS 78765, at **26-28 (W.D. Pa. Oct. 16, 2007). As the Court of Appeals observed, Defendant's "then-competence was borne out by his performance at trial, at which he cross-examined the government witnesses with relevant questions, moved for a judgment of acquittal, and conducted direct examination of his own witnesses." Noyes, 501 F. App'x at 171 n.1. Defendant's arguments based on counsel's or the Court's approach to his competency to proceed pro se must fail.

     Defendant was first represented by federal public defender Thomas Patton.  On December 11, 2009, dissatisfied with Mr. Patton, Defendant sought new counsel. In part, Defendant objected to Mr. Patton's failure to subpoena evidence related to Google and Yahoo, and Elizabeth Fleming.  The Court granted Defendant's request, and attorney Michael Hadley was appointed in Mr. Patton's stead. Mr. Hadley served as counsel up until February 14, 2011. At a hearing that day dealing with pretrial matters, at which counsel argued several points on Defendant's behalf, Defendant requested that Mr. Hadley be relieved, and a non-attorney "intervenor" placed in his stead.  Upon questioning by Judge McLaughlin, Defendant described his dissatisfaction with Mr. Hadley. The Court explained that a lay person could not represent

him at trial, and Defendant said, "I guess I have no other choice than to go pro se." He repeated his belief that he had "no other choice," and that he would "never get a fair trial" whether or not new counsel was appointed. The Court engaged in what the Court of Appeals termed an "extensive colloquy," including addressing potential penalties and the process and consequences of self-representation; Defendant affirmed that he understood. Following discussion, the Court determined that Defendant's request arose from his disagreement with Mr. Hadley's strategy and tactics, and found no "good cause" for the substitution of counsel. After further discussions between all persons involved, the decision was made to allow Defendant to proceed pro se, with Mr. Hadley as standby counsel.

Speaking generally, the overall record tends to belie Defendant's suggestion that Mr. Hadley was apathetic, indifferent, and blatantly incompetent. Up until the date that he moved to standby status, Mr. Hadley actively pursued Defendant's interests. He filed multiple Motions on Defendant's behalf, including those to compel discovery and to suppress evidence. The suppression motion challenged the validity of the warrants used, including the alleged lack of supporting probable cause. Mr. Hadley filed oppositions to the Government's motions in limine, secured a computer forensic expert on Defendant's behalf, and filed proposed jury instructions. During the nearly three-hour February 14 hearing, Mr. Hadley attempted to work with the Court and Defendant to address Defendant's concerns about getting his version of facts before the jury.

With respect to counsel's various alleged failures to investigate, develop, or present evidence or argument – which, for the sake of clarity and economy, will not be recited in detail here due to Defendant's multiple, broad, and voluminous submissions[2] -- Defendant cannot meet

---

[2] This holds true for all of the contentions set forth in Defendant's Motion, and his amendments and supplements thereto. Although each is not separately recited and addressed, the Court has reviewed and considered each one of those contentions.

7

the requirements of Strickland.  In the first instance, Defendant cannot challenge the effectiveness of standby counsel. United States v. Gagliardi, No. 10-480, 2010 U.S. Dist. LEXIS 53739, at *12 (E.D. Pa. June 1, 2010).  Thus, his challenges to that extent – such as standby counsel's failure to act when Defendant pointed out that a juror was crying – are rejected. As to counsel's pre-standby conduct, Defendant's present complaints, like those considered by Judge McLaughlin, largely fall into the category of disagreement about strategy.  "[A] strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness.'" Miller v. Webb, 385 F.3d 666, 672-73 (6th Cir. 2004). "A tactical or strategic decision is ineffective only 'if it was so patently unreasonable that no competent attorney would have chosen it.'" Holladay v. Haley, 209 F.3d 1243, 1253 n. 6 (11th Cir. 2000).

Moreover, several of Defendant's concerns are too tenuous to support a claim of ineffective assistance. For example, Defendant indicates his fear of being killed in prison, and faults counsel for not advising him of the existence of prisons that are safe for sex offenders. There is simply no suggestion, in the context of the present record, that counsel's approach to any identified aspect the defense permeated the trial with obvious unfairness. Instead, each instance of alleged ineffectiveness falls within the wide range of professionally competent assistance.  The same holds for appellate counsel and Mr. Patton, as Defendant has failed to identify a meritorious claim that counsel neglected to raise, or other deficiency in the initial or appellate stages of this proceeding.

Moreover, even if counsel had been ineffective on one of the respects charged, Defendant simply cannot establish the prejudice contemplated by Strickland. Considering the evidence adduced at trial and the circumstances surrounding each piece of evidence to which Defendant

points – such as evidence of a "creepy neighbor," Elizabeth Fleming's blog history or information about her family and sister Nicole, additional records from Google and Yahoo, a "brain fingerprint," or the possibility that Defendant might have been at Barbara Lockwood's home on a particular evening – there is no reasonable probability that such evidence could have altered the outcome of the trial. Likewise, Defendant offers no support for his contention that allegedly missing or withheld materials are exculpatory or could have altered the jury's verdict. Defendant's bare assertions are too speculative, conclusory, and unsupported to afford determinative effect. As to these and each of the other alleged deficiencies that Defendant asserts, whether examined separately or together, one cannot find the required prejudice. As the Court of Appeals noted, the jury was given "overwhelming, damning evidence." Noyes, 501 Fed. Appx. at 169, 173.[3] There is no reasonable probability that the outcome would have different, had counsel at all levels acted differently in the manner now urged.

### b. Remaining Issues

Several of Defendant's extant claims can be dealt with summarily. Defendant alleges that the jail staff mistreated him, causing sleep and calorie deprivation and otherwise interfering with his ability to represent himself at trial. Such claims are not properly raised in a Section 2255 Motion. See, e.g., United States v. Albinson, No. 00-929, 2001 U.S. Dist. LEXIS 1884, at *20 (E.D. Pa. Jan. 22, 2001). The Court rejects Defendant's arguments to the extent that they suggest that the Government lacked standing, that applicable law violated separation of powers, that the Third Circuit jury instructions are incorrect, that the evidence was insufficient to sustain a conviction for transportation, that subject matter jurisdiction was lacking, that his offense level at

---

[3] The Court of Appeals' statement regarding the strength of the evidence echoed that of the sentencing Court, which stated that "[t]he entirely credible and overwhelming evidence demonstrated that the defendant is a dangerous predatory sadist, who took pleasure in viewing the abuse of children and who was fully prepared to do so himself if given the opportunity." Noyes, 501 Fed. App'x at 173 (quoting J.A. 854-55).

sentencing was incorrect, and that Johnson v. United States, __ U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) invalidates his sentence.  Jurisprudence and the record do not support these contentions.  Further, to the extent that Defendant's contentions touch on matters settled on appeal, such as his sentencing enhancement, I will not revisit those issues.

As a final matter, it is unnecessary to untangle Defendant's claims in order to separately address, here, each claim in the context of procedural default. I do, however, note that absent ineffective assistance of counsel, a showing of cause and prejudice, or any other exception, many of Defendant's claims remaining are defaulted. Parkin v. United States, 565 F. App'x 149, 151 (3d Cir. 2014).  Defendant asserts actual innocence, but has wholly failed to demonstrate that, "'in light of all the evidence,'" "it is more likely than not that no reasonable juror would have convicted him."  Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 327-328, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." In this case, for the reasons stated in the foregoing Opinion, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue in any respect.

## CONCLUSION

Defendant has not demonstrated a fundamental defect that inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure. His Motion, as amended and supplemented, will be denied. No certificates of appealability shall issue. An appropriate Order follows.

BY THE COURT:

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated:_September 11, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR 8-55 |
| v. | ) CV 14-97 |
| JEREMY NOYES | |

## ORDER

AND NOW, this 11th day of September, 2020, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate, as amended and supplemented, is DENIED. No certificate of appealability shall issue.

BY THE COURT:

*Donetta F. Ambrose*
_____

Donetta W. Ambrose
Senior Judge, U.S. District Court